## WILLIAM BARNICOAT *vs.* GEORGE FOLLING.

An action on *St.* 1835, *c.* 139, prohibiting the erection of wooden buildings in Boston, except under certain restrictions, and making any person who shall violate its provisions liable, on conviction, to a certain penalty, and to a like penalty for every year after such con viction until the removal or alteration of the building, is barred by Rev. Sts. *c.* 120, § 21, in one year after the erection of the building, unless the defendant has been previously convicted under the statute for the erection of the same building.

SHAW, C. J.   This is an action of debt, brought by the plaintiff to recover a penalty for himself and the city of Boston, upon *St.* 1835, *c.* 139, being " an act for the further regulation of the erection of wooden buildings in the city of Boston." The plaintiff is chief engineer of the fire department, and, as such, a very proper person to commence a suit in order to ensure obedience to the law regulating the erection of wooden buildings, the ultimate object of the statute being to secure the city from damage by fire.   The statute provides that the penalty may be recovered by an action of debt, in any court competent to try the same, one half to the use of the person or persons who shall sue therefor, and the residue to the use of said city ; and it is made the

duty of the board of engineers to cause suits to be commenced without delay against offenders.

One ground of defence is, that the action was not commenced within the time limited by law. By Rev. Sts. *c.* 120, § 21, all actions on any penal statute, brought by a person to whom the penalty is given in whole or in part, shall be commenced within one year next after the offence committed, and not afterwards. This case is governed by this rule, if the offence consists in the erection, as we think it does. The *St.* of 1835, § 1, provides that, from and after the passing of the act, no wooden building " shall be erected " in Boston, except under the restrictions prescribed. Section 3 directs that " if any person or persons shall violate the provisions of this act," he or they shall forfeit and pay " for every such offence " a certain penalty. The violation must consist in erecting or causing to be erected. The same section further provides that the person violating the provisions of the act " shall be liable to a like prosecution and penalty for each and every year after such conviction, until such building, erected contrary to the provisions aforesaid, shall be removed, or made to conform thereto."

It appears to us quite clear that a first prosecution must be commenced within one year, in order to obtain a conviction. And supposing, according to the argument of the plaintiff, that the subsequent penalty, incurred for each succeeding year, is in effect, (though not well expressed,) a penalty for the continuance of such illegal structure, yet the time is to be computed from and after a first conviction, and of course the penalty is not incurred, and cannot be sued for, until such prior conviction is had

The offence is committed as soon as the building is erected, whether complete or not, because it is then attended with all the dangerous consequences intended to be obviated. Then the statute begins to run, as far as the penalty is incurred for erecting. Whether the annual penalty imposed by the statute is limited to the party first convicted, or whether it may extend to any other person who continues the building thus unlawfully erected, of which we give no opinion, it depends on a prior conviction, until which it is not, by force of the statute, incurred.

A statute is no doubt to be construed according to the intent of the legislature ; but it is the intent gathered from the words of the enactment, expounded according to the subject; and a penal statute, a statute charging a party with a forfeiture, cannot be carried beyond the plain intent of the legislature, as thus expressed. In the case of *Staniels* v. *Raymond*, 4 Cush. 314, cited by the plaintiff's counsel, the rule is stated by Mr. Justice Wilde, that statutes are construed according to the intention of the makers, if this can be ascertained with reasonable certainty. That was not the case of a penal statute.

Other exceptions were taken to the plaintiff's right to recover, but the statute of limitations is decisive.     *Plaintiff nonsuit.*

*G. S. Hillard*, (city solicitor,) for the plaintiff.

*W. G. Russell*, for the defendant.